# Commonwealth of Massachusetts

Office of Town Clerk
Treasurer – Tax Collector
JUL 30 2018
12:35 PM
Received TOWN OF TRURO
By _____

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1872CV393

__Luther A. Bumps__ , PLAINTIFF(S),

v.

__Town of Truro
c/o Cynthia Slade,__ DEFENDANT(S)
__Truro Town Clerk__

## SUMMONS

THIS SUMMONS IS DIRECTED TO __Town of Truro c/o Cynthis Slade, Truro Town Clerk__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Barnstable Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court __and__ mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Superior__ Court, by mail or in person to: 3195 Main Street, Barnstable, MA 02630
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __270 Winter Street, Hyannis, MA 02601__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                               SUPERIOR COURT
                                                              DOCKET NO.

| | |
|---|---|
| LUTHER A. BUMPS, | ) |
| Plaintiff | ) |
| v. | ) COMPLAINT AND |
| SUZANNE TRASAVAGE, DAVID F. PERRY, CARRIE DEANGELO, and THE TOWN OF TRURO, | ) JURY DEMAND |
| Defendants | ) |

1. The Plaintiff, Luther A. Bumps, is an adult individual with an address of 10 Bay View Drive, North Truro, Barnstable County, Massachusetts.

2. The Defendant, Suzanne Trasavage ("ACO Trasavage"), is an adult individual with an address of 53 Circuit Road, Dedham, Norfolk County, Massachusetts, and was employed as the Animal Control Officer with the Town of Truro Police Department, 344 Route 6, Truro, Barnstable County, Massachusetts. She is sued individually and in her capacity as a duly appointed Animal Control Officer for the Town of Truro.

3. The Defendant, David F. Perry ("Sergeant Perry"), is an adult individual with an address of 5 Pond Road, Truro, Barnstable County, Massachusetts, and was employed as a Police Officer with the Town of Truro Police Department, 344 Route 6, Truro, Barnstable County, Massachusetts. He is sued individually and in his capacity as a duly appointed Police Officer for the Town of Truro.

4. The Defendant, Carrie DeAngelo ("Sergeant DeAngelo"), is an adult individual with an address of 205 Quail Cover Lane, Eastham, Barnstable County, Massachusetts, and was employed as a Police Officer with the Town of Truro Police Department, 344 Route 6, Truro, Barnstable County, Massachusetts. She is sued individually and in her capacity as a duly appointed Police Officer for the Town of Truro.

5. The Defendant, Town of Truro, is a duly established municipal corporation under the laws of the Commonwealth located within Barnstable County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff has owned and cared for a horse, named Chelsea, since she was born approximately 32 years ago.

7. At all relevant times, the Plaintiff kept Chelsea in a fenced paddock on his property located at 10 Bay View Drive in North Truro, Massachusetts.

8. At all relevant times, Chelsea was and appeared to be healthy, well nourished, and free of injury or disease, and exhibited no signs of harm or abuse.

9. On September 2, 2015, ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo, all of whom were on duty, entered, searched, and photographed the paddock area of the Plaintiff's property and seized Chelsea.

10. The Defendants neither sought nor obtained a warrant to seize the horse, and did not notify the Plaintiff or obtain his consent in advance of the seizure.

11. The seizure was not supported by objectively reasonable grounds to believe that an emergency existed, with a dire need to protect animal life, based upon injury or imminent danger of physical harm to the animal.

12. Following the seizure, the Defendants caused Chelsea to be transported to a farm in Centerville, Massachusetts.

13. Six days later, on September 8, 2015, ACO Trasavage arranged for a veterinarian to examine Chelsea. The veterinarian observed no signs of malnourishment, injury, disease, or evidence of harm or abuse.

14. Following the seizure, the Defendants refused to return Chelsea to the Plaintiff, despite repeated request, and refused even to disclose Chelsea's location.

15. On October 19, 2015, six weeks after the seizure, the Plaintiff was charged in the Orleans District Court with animal cruelty in violation of M.G.L. c. 272, § 77.

16. The Plaintiff took action to address all of the concerns raised by the Defendants about the condition of the paddock. Nevertheless, the Defendants refused to return the horse to the Plaintiff unless and until he reimbursed the Town of Truro for expenses it incurred for the care and maintenance of the horse following the seizure.

17. The Town of Truro failed, neglected, and refused to conduct a show cause hearing within thirty days following application for criminal complaint, as is required by M.G.L. c. 272, § 104.

18. Chelsea was reunited with the Plaintiff on March 29, 2016, after a motion requesting such return was filed in the Orleans District Court in connection with the criminal case.

19. The Plaintiff was acquitted on the animal cruelty charge following a trial in Orleans District Court on August 2, 2016.

## COUNT I – 42 U.S.C. § 1983

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. ACO Trasavage, while acting as an animal control officer under color of state law, and Sergeant Perry and Sergeant DeAngelo, while acting as police officers under the color of state law, deprived the Plaintiff of clearly established and well settled civil rights, by conducting an unreasonable search and seizure of his property in a manner contrary to the Fourth Amendment to the United States Constitution, by depriving him of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution, and by depriving him of other rights and privileges secured by the Constitution and laws of the United States, as prohibited by 42 U.S.C. § 1983.

22. The Town of Truro, under color of state law, ratified the conduct of ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo, and further violated the Plaintiff's civil rights by disregarding state-mandated statutory process following the seizure, thereby depriving him of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution, as prohibited by 42 U.S.C. § 1983.

23. As a proximate result of the Defendants' violations of the Plaintiff's civil rights, the Plaintiff suffered damages, including emotional distress.

WHEREFORE, the Plaintiff prays that judgment enter against the Defendants for their violations of the Plaintiff's federal civil rights, that damages be established in an amount to be proved at trial, for punitive damages, costs of litigation, and attorney's fees, and for such other and further relief as the Plaintiff may be entitled.

## COUNT II – VIOLATIONS OF THE MASSACHUSETTS CIVIL RIGHTS ACT

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. The actions of ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo constituted threats, intimidation, coercion, and the use of force within the meaning of Chapter 12, Sections 11H and 11I, of the Massachusetts General Laws.

26. By engaging in such conduct, ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo willfully interfered with the Plaintiff's exercise or enjoyment of his civil rights, by conducting an unreasonable search and seizure of his property, by depriving him of property without due process of law, by failing and refusing to comply with M.G.L. c. 272, §§ 82, 83, and 104, and by depriving him of other rights and privileges secured by the Constitution and laws of the United States and the Commonwealth.

27. At the time of such conduct, ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo were acting in the context of their authority as officers of the Truro Police Department.

28. As a proximate result of ACO Trasavage's, Sergeant Perry's, and Sergeant DeAngelo's violations of the Plaintiff's civil rights, the Plaintiff suffered damages, including emotional distress.

WHEREFORE, the Plaintiff prays that judgment enter against ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo for their violations of the Massachusetts Civil Rights Act, that damages be established in an amount to be proved at trial, for punitive damages, costs of litigation, and attorney's fees, and for such other and further relief as the Plaintiff may be entitled.

## COUNT III – MALICIOUS PROSECUTION

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. On or about October 19, 2015, ACO Trasavage, Sergeant Perry, and/or Sergeant DeAngelo caused a criminal complaint to be filed against the Plaintiff in the Orleans District Court,

falsely accusing the Plaintiff of having committed the crime of animal cruelty in violation of M.G.L. c. 272, § 77.

31. The prosecution was commenced and instituted without probable cause, and was done maliciously, with improper purpose, and with the intent to harm the Plaintiff.

32. The Plaintiff was subsequently acquitted of the charge, and the case was therefore determined finally in the Plaintiff's favor.

33. As a proximate result of the malicious prosecution of the Plaintiff by ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff prays that judgment enter against ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo for malicious prosecution, that damages be established in an amount to be proved at trial, and for such other and further relief as the Plaintiff may be entitled.

## COUNT VI – NEGLIGENCE

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo owed the Plaintiff a duty of reasonable care in fulfilling their official duties as officers with the Town of Truro.

36. As officers, ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo knew or reasonably should have known of the laws of the Commonwealth concerning seizure and retention of animals, and of the legal justification required for such seizure and retention.

37. ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo breached their duty of reasonable care by seizing the Plaintiff's horse without appropriate legal justification, and by failing to return the horse to the Plaintiff in a timely manner.

38. As an actual and proximate result of such negligence, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff prays that judgment enter against ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo for negligence, that damages be established in an amount to be proved at trial, and for such other and further relief as the Plaintiff may be entitled.

## COUNT IX – MASSACHUSETTS TORT CLAIMS ACT

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. The Town of Truro is a "public employer" within the meaning of Chapter 258 of the Massachusetts General Laws.

41. At all times material to this Complaint, ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo were employed as officers for the Town of Truro, and were "public employees" within the meaning of Chapter 258 of the Massachusetts General Laws.

42. The Plaintiff suffered injury and damages as a proximate result of the negligent and/or wrongful acts and omissions of ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo, while they were acting within the scope of their employment as officers for the Town of Truro.

43. The Plaintiff suffered further injury and damage as a proximate result of the Town of Truro's ratification of the conduct of ACO Trasavage, Sergeant Perry, and Sergeant DeAngelo, negligent disregard of state-mandated statutory process following the seizure, and demand for compensation as a condition of returning the horse to the Plaintiff.

44. Pursuant to Chapter 258, Section 4, of the Massachusetts General Laws, the Plaintiff presented his claims in writing to the Executive Officer of the Town of Truro on or about November 22, 2016, by certified mail, return receipt requested.

45. The Executive Officer of the Town of Truro rejected the Plaintiff's claims by letter dated January 16, 2017.

WHEREFORE, the Plaintiff prays that judgment enter against the Town of Truro pursuant to the provisions of the Massachusetts Tort Claims Act, that damages be established in an amount to be proved at trial, and for such other and further relief as the Plaintiff may be entitled.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

Respectfully Submitted,

LUTHER A. BUMPS,
BY HIS ATTORNEY,

*Seth G. Roman*

SETH G. ROMAN, ESQUIRE
CARTER DEYOUNG
270 Winter Street
Hyannis, MA  02601
(508) 771-4210
sgr@carterdeyoung.com
BBO#: 638700

DATED: July 16, 2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Luther A. Bumps | | COUNTY: Barnstable |
| ADDRESS: 10 Bay View Drive, North Truro, Massachusetts 02652 | | DEFENDANT(S): Suzanne Trasavage, 53 Circuit Road, Dedham, MA 02026; David Perry, 5 Pond Road, Truro, MA 02666; Carrie DeAngelo, 205 Quail Cover Lane, Eastham, MA 02642; |
| ATTORNEY: Seth G. Roman, Esquire | | ADDRESS: Town of Truro, 24 Town Hall Rd., PO Box 2030, Truro, MA 02666 (Rae Ann Palmer, Town Manager) |
| ADDRESS: Carter DeYoung, 270 Winter Street, Hyannis, Massachusetts 02601 | | |
| BBO: 638700 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | [X] YES   [ ] NO |
| *If "Other" please describe: | Civil Rights Violation | | |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses ........................................... $
  4. Total physical therapy expenses ................................... $
  5. Total other expenses (describe below) .......................... $
                                                                    Subtotal (A): $
B. Documented lost wages and compensation to date ............
C. Documented property damages to dated ..........................
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages .................................. $
F. Other documented items of damages (describe below) ...... $
                                                                    $ 100,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Violation of Civil Rights/Malicious Prosecution/Negligence

TOTAL (A-F): $ 100,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X  *Seth G Roman*   Date: Jul 16, 2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  *Seth G Roman*   Date: Jul 16, 2018