UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:18-cv-11839-IT

LUTHER A. BUMPS,

    Plaintiff,

    v.

SUZANNE TRASAVAGE, DAVID F. PERRY, CARRIE DEANGELO, and THE TOWN OF TRURO,

    Defendants

### DEFENDANTS SUZANNE TRASAVAGE, DAVID F. PERRY, CARRIE DEANGELO AND THE TOWN OF TRURO'S MOTION FOR SUMMARY JUDGMENT

The individual officers are protected by qualified immunity. Animal Control Officer Suzanne Trasavage, Detective Sergeant David F. Perry and Sergeant Carrie DeAngelo did not violate the Plaintiff's clearly established constitutional rights under § 1983 by seizing the Plaintiff's horse without a warrant. The seizure was appropriate because the horse's conditions -- dirty food, dirty water, no adequate shelter, and significant buildup of feces -- created exigent circumstances and were in plain view.

For his part, The Plaintiff cannot satisfy his burden to identify a case of controlling authority with similar facts that would put all reasonable officers standing in Trasavage, Perry and DeAngelo's shoes on notice that their actions in this case would violate the constitution. Indeed, there are no such cases.

After the seizure, the Plaintiff had adequate post-deprivation remedies under the Fourteenth Amendment, and there is no evidence that Trasavage, Perry or DeAngelo played any role or had any responsibility for providing the Plaintiff with a hearing.

The Plaintiff's malicious prosecution claim fails because the undisputed facts establish that there was probable cause to charge him with animal cruelty under M.G.L. c. 272 § 77 (crime for person to unnecessarily fail to provide animal with proper food, drink, shelter, sanitary environment, or protection from the weather).

For these reasons and others addressed in their accompanying memorandum of law and statement of undisputed facts, with attached Exhibits 1-18, the Defendants respectfully request that this Honorable Court enter judgment in their favor under Fed. R. Civ. P. 56, as to all counts in the Plaintiff's Complaint: (1) Count I – 42 U.S.C. § 1983 (violation of Fourth and Fourteenth Amendments); (2) Count II – Violations of the Massachusetts Civil Rights Act; (3) Count III – Malicious Prosecution; (4) Count VI [sic] – Negligence (against Trasavage, Perry and DeAngelo); and (5) Count IX [sic] – Massachusetts Tort Claims Act (against Town of Truro).

    Respectfully submitted,

    The Defendants, Suzanne Trasavage, David F. Perry, Carrie
    Deangelo, and the Town of Truro,
    By their attorneys,

    */s/ Thomas R. Donohue*
    Thomas R. Donohue, BBO# 643483
    BRODY, HARDOON, PERKINS & KESTEN, LLP
    699 Boylston Street, 12th Floor
    Boston, MA 02116
    (617) 880-7100
    tdonohue@bhpklaw.com

DATED:  July 31, 2019

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that I have conferred with counsel for the Plaintiff in a good faith attempt to discuss this matter and we were not able to resolve or narrow the issues raised in this motion.

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483

DATED: July 31, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483

DATED: July 31, 2019